IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| TIFFANY TRAVIS, individually and on behalf of those similarly situated, | Case No. 1:23-cv-607 |
| Plaintiff, | Judge Matthew W. McFarland |
| v. | |
| PROCTER & GAMBLE COMPANY, et al., | |
| Defendants. | |

## ORDER AND OPINION

This matter is before the Court on the parties' Joint Motion to Stay Action Pending Decision from Judicial Panel on Multidistrict Litigation ("JPML") and As to Certain Defendants, Substitute Party Names, and Amend the Caption (Doc. 5). Upon review, the Motion is **GRANTED IN PART AND DENIED IN PART**.

### FACTS

On September 25, 2023, Plaintiff brought this action on behalf of consumers who purchased over-the-counter drugs that were falsely advertised as treatment for cold and flu symptoms. (Compl., Doc. 1.) Plaintiff brings various fraud claims against Procter & Gamble Company, Kenvue, Inc., McNeil Consumer Healthcare, Reckitt & Benckiser LLC, and GlaxoSmithKline, LLC, believing that these Defendants were the manufacturers of the drugs. (*Id.* at ¶¶4-9, 49-115.) Plaintiff now maintains that she improperly identified the drug manufacturers related to the allegations. (*See* Motion, Doc. 5, Pg. ID 146-47.)

On September 18, 2023, plaintiffs in another over-the-counter drug case filed a Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Proceedings with the JPML. (Motion, Doc. 5, Pg. ID 147.) In that motion, those plaintiffs seek to create a Multidistrict Litigation proceeding and to transfer similar actions to the District of New Jersey. *See In re Oral Phenylephrine Mktg. & Sales Prac. Litig.*, MDL No. 3089. Plaintiff filed a Notice of Related Actions with the JPML, arguing that this action is related to the pending Motion to Transfer. (*Id.*) At this time, the JPML has not adjudicated the Motion to Transfer or Plaintiff's Notice of Related Actions. (*Id.* at Pg. ID 147-48.)

Plaintiff and the improperly identified Defendants now bring the present motion, requesting that this Court substitute new parties for the improperly named Defendants and stay this case pending the JPML decision. (*Id.*) The Court will consider each request in turn.

## LAW & ANALYSIS

### I. Motion to Substitute

The parties first move to substitute all of the misidentified Defendants with the allegedly proper drug manufacturers. (*See* Motion, Doc. 5.) The parties request that (1) Defendant Reckitt & Benckister LLC be substituted with "RB Health (US) LLC," (2) Defendants Kenvue Inc. and McNeil Consumer Healthcare be substituted with "Johnson & Johnson Consumer Inc.," (3) and Defendant GlaxoSmithKline, LLC be substituted with "GlaxoSmithKline Consumer Healthcare Holdings (US) LLC." (*Id.* at Pg. ID 146.)

The Court construes the substitution requests as a motion to amend the Complaint

2

under Federal Rule of Civil Procedure 15(a). *See Hargrove v. Holley*, No. 1:17-cv-560, 2018 U.S. Dist. LEXIS 129122, at *12 (S.D. Ohio Aug. 1, 2018) (construing motion to substitute proper defendant as a motion to amend). "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The thrust of Rule 15 is . . . that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). Therefore, "[i]n the absence of any apparent or declared reason . . . the leave should, as the rules require, be 'freely given.'" *Davis*, 371 U.S. at 182.

In consideration of the motion and relevant law, Plaintiff's request to amend her Complaint to correct the misidentified Defendants is **GRANTED**.

**II.   Motion to Stay**

Next, the parties move to stay this case pending the JMPL decision on the Motion to Transfer and Plaintiff's Notice of Related Cases. (*See* Motion, Doc. 5.) Federal courts have the inherent authority to stay proceedings. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). "When courts consider stays in the context of pending multidistrict litigation, they consider (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *David S. Lowry, CPA, Ltd. v. U.S. Bancorp*, No. 1:20-cv-348, 2020 U.S. Dist. LEXIS 131304, at *5 (S.D. Ohio July 24 ,2020) (citations omitted). "Courts

frequently grant stays pending a decision by the [JMPL] regarding whether to transfer a case." *Good v. Prudential Ins, Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998).

While the Court is not opposed to staying this case pending the JMPL determination, it does not believe doing so is appropriate at this time. As discussed above, all of the Defendants that have currently consented to the stay are being removed and replaced by new parties upon the filing of Plaintiff's Amended Complaint. These new parties have not been properly served, *see* S.D. Ohio Civ. R. 4.2, nor have they had an opportunity to respond to Plaintiff's impending Amended Complaint or stay request. Therefore, while it ultimately may be appropriate to stay this case pending the JMPL decision, the parties' request here is premature. A decision on whether to stay this case is more appropriate for consideration once the new parties have had an opportunity to respond. *See U.S. Bancorp*, 2020 U.S. Dist. LEXIS 131304, at *5. Accordingly, the parties' request for a stay is **DENIED** at this time.

## CONCLUSION

Based on the foregoing, the Court **ORDERS** the following:

1. The parties' Joint Motion to Stay Action Pending Decision from Judicial Panel on Multidistrict Litigation and As to Certain Defendants, Substitute Party Names and Amend the Caption (Doc. 5) is **GRANTED IN PART AND DENIED IN PART**;

2. The Motion is **GRANTED** as it pertains to Plaintiff's construed request to amend her Complaint. Plaintiff **SHALL FILE** her First Amended Complaint within seven (7) days of this Order. The Amended

4

Complaint must contain all of Plaintiff's allegations and claims in one document. The Amended Complaint should not incorporate by reference the contents of the Complaint.

3. The Motion is **DENIED WITHOUT PREJUDICE** as it pertains to the requested stay.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND
